UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UMAR ALLI,

Plaintiff,

-against-

E.S.U. OFFICER FALCONER, et al.,

Defendants.

1:23-CV-10519 (JLR)

ORDER OF SERVICE

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Umar Alli, who is currently is incarcerated in the Great Meadow Correctional Facility, brings this action *pro se* seeking damages. He has named as Defendants: (1) ESU Officer Falconer; (2) ESU Officer Reyes; (3) ESU Officer Gillispie; (4) "John Doe, ESU Officer of Each November 28 2020 Use of Force"; (5) "Correctional Health Service Medical Providers of November 28 Uses of Force John Doe"; (6) "John Doe Bell[e]vue Hospital Treating Physicians of November 28 2020 Hospital Appearance"' (7) "John Doe ESU Officers of November 29, 2020 Use of Force"; (8) "John Doe Correctional Health Service Medical Provider of November 29 2020 Use of Force"; (9) "John Doe Bell[e]vue Hospital Treating Physicians of November 29 Hospital Appearance"; (10) "John Doe ESU Officers of Each Three (3) Uses of Forces had on December 5 2020"; (11) "John Doe ESU Officers of the Use of Force at Approximately 1805 Hours on December 5 2020"; (12) "John Doe Correctional Health Medical Providers for Each Three (3) Uses of Force on December 5 2020"; (13) "John Doe Two Officers of the March 17th 2020 Use of Force"; (14) ESU Captain Slack; (15) ESU Captain Bello; (16) ESU Officer Smith; and (17) the City of New York.

The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act of 1990, and the Rehabilitation Act of 1973, as

well as claims under state law. By order dated December 4, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

The Court: (1) requests that the identified defendants (Defendants Falconer, Reyes, Gillispie, Slack, Bello, Smith, and the City of New York) waive service of summonses; (2) directs their compliance with Local Civil Rule 33.2 within 120 days of the date of this order; and (3) directs the Corporation Counsel of the City of New York, as well as counsel for NYC Health+Hospitals ("H+H") and counsel for Physician Affiliate Group of New York, P.C. ("PAGNY"), to provide the identities and, if appropriate, badge numbers and service addresses of all of the unidentified "John Doe" defendants to both Plaintiff and the Court within 60 days of the date of this order.

## DISCUSSION

### A. Defendants Falconer, Reyes, Gillispie, Slack, Bellow, Smith, and the City of New York

The Court directs the Clerk of Court to notify the New York City Department of Correction ("DOC") and the New York City Law Department of this order. The Court requests that Defendants Falconer, Reyes, Gillispie, Slack, Bellow, Smith, and the City of New York waive service of summonses.

### B. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

date of this order, Defendants Falconer, Reyes, Gillispie, Slack, Bellow, Smith, and the City of New York must serve responses to those standard discovery requests. In their responses, those defendants must quote each request verbatim.[2]

**C. Unidentified "John Doe" Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC, H+H, and PAGNY to identify the unidentified "John Doe" defendants. Those defendants include: (1) those unidentified DOC employees that were involved in removing Plaintiff from his cell in the Manhattan Detention Complex on November 28 and/or 29, 2020, and/or on December 5 and/or 6, 2020, and bringing him to be medically evaluated and treated, on at least one of those dates, within that facility; (2) those unidentified DOC employees that entered Plaintiff's cell in the West Facility on Rikers Island on March 17, 2021; and (3) those unidentified H+H employees and/or unidentified PAGNY employees that medically evaluated and/or treated Plaintiff in the Manhattan Detention Complex and/or NYC Health+Hospitals/Bellevue on November 28 and/or 29, 2020, and/or on December 5 and/or 6, 2020. It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the DOC, as well as counsel for H+H and counsel for PAGNY, must ascertain the identities and, if appropriate, badge numbers and service addresses of each unidentified "John Doe" defendant whom Plaintiff seeks to sue in this action.[3]

---

[2] If Plaintiff would like copies of those discovery requests before receiving those responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

[3] If an unidentified "John Doe" defendant is a current or former DOC employee or official, the Corporation Counsel of the City of New York should note in its response to this order that an electronic request for a waiver of service can be made with respect to that defendant under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC

The Corporation Counsel, counsel for H+H, and/or counsel for PAGNY must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants and providing, if appropriate, their badge numbers and service addresses. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order: (1) requesting that the newly identified current or former DOC-employee defendants waive service of summonses; (2) directing service, via the United States Marshals Service, on the newly identified H+H-employee and/or PAGNY-employee defendants, and; (3) directing all of those newly identified defendants to comply with Local Civil Rule 33.2.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants ESU Officer Falconer, ESU Officer Reyes, ESU Officer Gillispie, ESU Captain Slack, ESU Captain Bellow, ESU Officer Smith,[4] and the City of New York waive service of summonses.

---

facility. If an unidentified "John Doe" defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Corporation Counsel, counsel for H+H, and/or counsel PAGNY must provide an address where that individual may be served.

[4] All of these individual defendants appear to be alleged to have been assigned to the Manhattan Detention Complex on or about November 28 and/or 29, 2020, and/or on or about December 5 and/or 6, 2020.

The Court further directs that Defendants ESU Officer Falconer, ESU Officer Reyes, ESU Officer Gillispie, ESU Captain Slack, ESU Captain Bellow, ESU Officer Smith, and the City of New York comply with Local Civil Rule 33.2 within 120 days of the date of this order.

The Court additionally directs the Clerk of Court to mail copies of this order and copies of the complaint to: (1) the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007; (2) NYC Health+Hospitals, at 55 Water Street, 18th Floor, New York, New York 10041; and (3) Physician Affiliate Group of New York, P.C., 55 West 125th Street, Suite 10027.

An amended complaint form is attached to this order.

Dated: January 8, 2024
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge